UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACQUELYN PAGE and ROBERT MITCHELL PAGE, individually and as next friend of minors O.P and E.P., | § § § § | |
| *Plaintiffs*, | § § | Civil Action No. 3:24-CV-3080-X |
| v. | § § § | |
| NISSAN NORTH AMERICA, INC. et al., | § § § § | |
| *Defendants*. | | |

## MEMORANDUM OPINION AND ORDER

Before the Court are three motions to dismiss, each of which is unopposed: one from defendant Nissan North America Inc. (Nissan North America) (Doc. 6), one from Ford Motor Company (Ford) (Doc. 17), and one from Artsana USA Inc. (Chicco). (Doc. 19). Having reviewed the motions, the applicable law, and the Pages' complaint, the Court **GRANTS IN PART** Nissan North America's motion to dismiss as to 12(b)(6) and **DENIES IN PART** as to 12(b)(5). The Court also **GRANTS** Ford and Chicco's motions and **DISMISSES WITHOUT PREJUDICE** the Pages' complaint. The Court **ORDERS** the Pages to replead and cure the defects in their complaint within twenty-eight days of the date of this order and perfect service on Nissan North America within thirty days of this Order.

### I. Background

Jacquelyn Page was driving a Ford Edge with her two young children, E.P. and O.P., in car seats when a Nissan Rogue struck her car. Jacquelyn Page suffered

1

paraplegia from the accident, both children suffered brain injuries, and O.P. suffered hemiplegia. One child was strapped into a car seat manufactured by Graco Children's Products, Inc. (Graco) and the other was in a car seat manufactured by Chicco.[1]

The Pages allege that, after Big Bass Towing Company and Martin Services, Inc. towed their car to a storage facility, they informed the Rowlett Police Department that they wanted to inspect it and sent a preservation of evidence letter. The Pages also directed the towing companies to preserve all evidence, including the car and both car seats.

The towing companies (which the Pages refer to collectively) entered a contract with the Pages to preserve the vehicle but then contacted the Pages repeatedly to say they intended to put the car up for auction. The towing companies began the process to auction the car, but the Pages denied authorization to sell it. Then, Rene Bates Auctioneers took possession of the car and sold it.

The Pages filed suit in Texas state court in September 2024, and the defendants removed to federal court shortly thereafter. The Pages' state complaint asserts that Rowlett Police Department, its chief, an individual officer, the towing companies, and the auction house all prevented them from acquiring the evidence they needed for their case. Against Nissan North America, Nissan Motor Co. Limited, Ford, Graco, and Chicco, the Pages assert products liability claims. The Pages also claim the police department violated their Fourth Amendment rights against unreasonable search and seizure by taking possession of the car after the crash.

---

[1] The Pages' complaint mistakenly states that E.P. was in both car seats. Doc. 1-4 ¶¶ 17–18.

Defendants Nissan North America, Ford, and Chicco each filed a motion to dismiss. The Pages failed to respond to any of these motions.

## II.  12(b)(5) Insufficient Service

### A.  Legal Standard

All three motions to dismiss make arguments under Rule 12(b)(6), but Nissan North America also moves to dismiss the Pages' claims under Rule 12(b)(5), which deals with "insufficient service of process."[2] Proper service is crucial because, without it, the court lacks personal jurisdiction over the defendant.[3] "A defendant has no obligation to appear in court or defend an action *before* it is formally served with process directing it to appear before that forum."[4] The party effecting service on another carries the burden to establish the validity of that service if an objection is made.[5] And a district court has "broad discretion in determining whether to dismiss an action for ineffective service of process."[6]

### B.  Analysis

The Pages filed suit in Texas state court and, within thirty days, attempted to serve Nissan North America through the Texas Secretary of State. Nissan North America argues the service it received was improper because it had a registered agent through whom the Pages should have gone first.

---

[2] Fed. R. Civ. P 12(b)(5).

[3] *Attwell v. LaSalle Nat'l Bank*, 607 F.2d 1157, 1159 (5th Cir. 1979).

[4] *Thompson v. Deutsche Bank Nat'l Trust Co.*, 775 F.3d 298, 303 (5th Cir. 2014).

[5] *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007).

[6] *Epley v. Luong*, No. 23-40038, 2023 WL 8595674, at *2 (5th Cir. Dec. 12, 2023).

The Texas Civil Practice and Remedies Code provides for service on the Secretary of State as a substitute form of service when nonresidents have not designated a resident agent or when the nonresident does have a resident agent but two unsuccessful attempts have been made on different days to serve each agent.[7] Nissan North America asserts that it does maintain a resident agent and the Pages never tried to serve through the agent. The Pages, who carry the burden to establish their service was valid, did not respond to rebut the assertion that they never tried to serve the agent.

Nissan North America is correct that the Pages should have first attempted to serve its agent before going through the Secretary of State, but the Court disagrees that their attempt—which would have been timely if correct—evinces a lack of due diligence. The Pages took the wrong approach to service, but that does not warrant dismissal. The Court **DENIES** Nissan North America's motion to dismiss under Rule 12(b)(5). Further, the Court **ORDERS** the Pages to perfect service on Nissan North America within thirty days of this Order. Otherwise, the Court will dismiss Nissan North America.

### III.   12(b)(6) Failure to State a Claim

#### A.   Legal Standard

Rule 12(b)(6) authorizes dismissal when a complaint fails to "state a claim upon which relief can be granted."[8] A pleading in federal court must state "a short

---

[7] Tex. Civ. Prac. & Rem. Code § 17.044(a).

[8] Fed. R. Civ. P. 12(b)(6).

4

and plain statement of the claim showing that the pleader is entitled to relief."[9] In stating their claim, the plaintiff does not have to plead detailed facts, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[10] For a complaint to survive a motion to dismiss under Rule 12(b)(6), it must allege sufficient facts "to state a claim to relief that is plausible on its face."[11] And a claim is plausible on its face when supported by enough facts that the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint liberally in favor of the plaintiff and accept all facts pleaded in the complaint as true.[13] But the Court does not "presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement."[14]

### B. Analysis

The Pages bring product liability claims against Ford, Nissan North America, and Chicco under theories of negligence and strict liability for design defects, manufacturing defects, and failure to warn. At the time of the accident, Jacquelyn

---

[9] Fed. R. Civ. P. 8(a)(2).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[11] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[12] *Iqbal*, 556 U.S. at 678.

[13] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[14] *Harmon v. City of Arlington*, 16 F.4th 1159, 1162–63 (5th Cir. 2021).

Page was driving a Ford Edge with one of her children in a Chicco car seat. The other driver was in a Nissan Rogue. The Pages assert that defects in the Nissan caused the accident and defects in the Ford and the car seats caused their injuries.

To recover for a strict liability claim alleging a design defect under Texas law, "a plaintiff must prove that (1) the product was designed so as to render it unreasonably dangerous; (2) a safer alternative design existed; and (3) the defect was a producing cause of the injury for which the plaintiff seeks recovery."[15] A manufacturing defect, on the other hand, "exists when a product deviates, in its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous."[16]

Finally, a claim for failure to warn arises when "a manufacturer fails to warn of a foreseeable risk arising from the use of the product, and the lack of adequate warnings or instructions renders an otherwise adequate product unreasonably dangerous."[17] To bring a failure to warn claim, a plaintiff must allege

> (1) a risk of harm is inherent in the product or may arise from the intended or reasonably anticipated use of the product, (2) the product supplier actually knew or should have reasonably foreseen the risk of harm at the time the product was marketed, (3) the product possessed a marketing defect, (4) the absence of the warning or instructions rendered the product unreasonably dangerous to the ultimate user or consumer of the product, and (5) the failure to warn or instruct constituted a causative nexus in the product user's injury.[18]

---

[15] *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009).

[16] *Cooper Tire & Rubber Co. v. Mendez*, 204 S.W.3d 797, 800 (Tex. 2006).

[17] *McLennan v. Am. Eurocopter Corp., Inc.*, 245 F.3d 403, 427 (5th Cir. 2001) (citing *Coleman v. Cintas Sales Corp.*, 40 S.W.3d 544, 549–50 (Tex. App.—San Antonio 2001, pet. denied)) (second-level quotation omitted).

[18] *DeGrate v. Exec. Imprints, Inc.*, 261 S.W.3d 402, 411 (Tex. App.—Tyler 2008, no pet.).

And to recover under a theory of negligence against the supplier of a defective product, "a plaintiff must prove a legal duty owed to the plaintiff by the defendant, breach of that duty, and damages to the plaintiff proximately caused by the breach of that duty."[19]  If the Pages failed to state a defective design or manufacturing claim, they also failed to state a products liability negligence claim, since "a manufacturer logically cannot be held liable for failing to exercise ordinary care when producing a product that is not defective."[20]

Regardless of which theory—strict liability or negligence—the Pages bring their design defect, manufacturing defect, and failure to warn claims under, they fail to allege sufficient facts to state a claim.  As to a design defect claim, the Pages do not plead specific facts about the products' alleged defects, nor do they allege any facts about reasonable alternative designs.  In asserting their claims, the Pages merely list "threadbare recitals of the elements of a cause of action,"[21] such as that the products were "[u]nreasonably dangerous in design" and the manufacturers "fail[ed] to adopt a feasible reasonable alternative design."[22]  And the only "fact" they allege to back up these assertions is the same conclusory statement repeated for Ford, Nissan North America, and Chicco: the defendants "designed the product[s] in such a way that [they] were] hazardous/dangerous to the user."[23]

---

[19] *Dewayne Rogers Logging, Inc. v. Propac Indus., Ltd.*, 299 S.W.3d 374, 385 (Tex. App.—Tyler 2009, pet. denied).

[20] *Garrett v. Hamilton Standard Controls, Inc.*, 850 F.2d 253, 257 (5th Cir. 1988).

[21] *Iqbal*, 556 U.S. at 678.

[22] Doc. 1-23 ¶ 50.

[23] Doc. 1-23 at ¶¶ 19, 20.

As to a manufacturing defect claim, the Pages fail to allege any actual facts supporting the idea that the cars or the car seat deviated from their designs in a dangerous way. They state that Nissan North America "manufactured the Nissan motor vehicle in such a way that caused it to ignore all user controls resulting in the subject incident."[24] And that "Ford manufactured the Ford motor vehicle in such a way that caused the safety systems to fail to protect its occupants."[25] But without factual support or access to the cars themselves to identify any potential deviations, the manufacturing defect claims fail. As the Pages themselves note, lack of access to the cars "resulted in the impairment and prevention of personal injury claims against auto manufacturers for safety systems failures."[26]

Finally, the Pages failed to allege any facts suggesting the cars or the car seat had inherent foreseeable risks of which the manufacturers failed to warn. Nor did the Pages suggest a warning from the manufacturers might have changed the dangerousness of the products. So their failure to warn claims fail as well. Accordingly, the Court **GRANTS** the three defendants' respective motions to dismiss.

## IV.   Conclusion

For the reasons stated above, the Court **GRANTS** Ford and Chicco's motions to dismiss (Docs. 17 & 19, respectively), and **GRANTS IN PART AND DENIES IN PART** Nissan North America's motion to dismiss (Doc. 6). The Court denies Nissan North America's motion as to its 12(b)(5) argument but grants as to 12(b)(6).

---

[24] Doc. 1-23 at ¶ 15.

[25] Doc. 1-23 at ¶ 16.

[26] Doc. 1-23 at ¶ 32.

The Court **DISMISSES WITHOUT PREJUDICE** the complaint and **ORDERS** the Pages to replead and cure the defects in their complaint within twenty-eight days of the date of this order. The Court **FURTHER ORDERS** the Pages to perfect service on Nissan North America within thirty days of this Order.

**IT IS SO ORDERED** this 15th day of May, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE