IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACQUELYN PAGE, ROBERT MITCHELL PAGE, individually and as next friend of O.P. and E.P., minors, <br>     Plaintiffs, <br><br> v. <br><br> NISSAN NORTH AMERICA, INC., NISSAN MOTOR CO. LTD., FORD MOTOR COMPANY, GRACO CHILDREN'S PRODUCTS, INC., ARTSANA USA, INC., ROWLETT POLICE DEPARTMENT, OFFICER TIMOTHY HARDMAN, CHIEF MICHEL DENNING, MARTIN SERVICES, INC., BIG BASS TOWING COMPANY, and RENE BATES AUCTIONEERS, INC., <br>     Defendants. | § § § § § § § § § § § § § § § § § § § | Case No. 3:24-cv-3080 <br><br> JURY TRIAL |

**DEFENDANT GRACO CHILDREN'S PRODUCTS, INC.'S
REPLY TO PLAINTIFFS' RESPONSE TO GRACO'S 12(b)(6)
MOTION TO DISMISS, AND ALTERNATIVELY,
12(e) MOTION FOR A MORE DEFINITE STATEMENT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant Graco Children's Products, Inc. ("Graco"), through its attorneys, hereby submits its Reply to Plaintiffs' Response to Graco's Motion to Dismiss. In support thereof, Graco respectfully states as follows:

### I.    Summary of Motion

The Court should dismiss Plaintiffs' claims against Graco in their entirety because Plaintiffs' Amended Complaint wholly fails to allege any *facts* sufficient to state a claim against Graco, despite the Court allowing Plaintiffs an opportunity to cure the pleading deficiencies in their original Complaint. Plaintiffs' failure to cure the pleading deficiencies in their original Complaint is fatal to their claims against Graco.

Plaintiffs' response mischaracterizes Graco's position by stating that Graco's Motion hinges on a purported lack of evidence. Not so. Instead, Graco's Motion simply states that Plaintiff's Amended Complaint fails to show any factual plausibility on its face. As this Court has previously recognized in dismissing Plaintiffs' original Complaint, "[Plaintiffs] do not plead specific facts about the products' alleged defects, nor do they allege any facts about reasonable alternative designs." Dkt. 25 at 7. The Court went on to hold that "[a]s to a manufacturing defect claim, [Plaintiffs] fail to allege any actual facts supporting the idea that the cars or the car seat deviated from their designs in a dangerous way." *Id.* at 8. Finally, as to Plaintiffs' failure to warn claim, this Court found that Plaintiffs "failed to allege any facts suggesting the cars or the car seat had inherent foreseeable risks of which the manufacturers failed to warn." *Id.*

In a cursory attempt to cure their pleading deficiencies, Plaintiffs filed an Amended Complaint. Rather than alleging any new *facts* to cure the deficiencies that compelled the dismissal of their prior claims, however, the Amended Complaint simply adds *two, conclusory sentences*. These two sentences again fail to allege any facts sufficient to state a product liability claim against Graco, and Plaintiff still admits that the nonmanufacturing defendant's destruction of the product evidence "resulted in the impairment and prevention" of personal injury claims. Dkt. 28 at ¶ 33. Accordingly, Plaintiffs' claims should again be dismissed in their entirety.

## II.     Plaintiffs Have Failed to Adequately Plead a Claim Against Graco Upon Which Relief May Be Granted.

Plaintiffs' Amended Complaint does not allege any additional *facts* in support of their claim against Graco. Plaintiffs' addition of two conclusory sentences, which assume the existence of some unspecified defect, is insufficient to save Plaintiffs' Amended Complaint.

A plaintiff advancing a cause of action for product liability (whether pled as negligence, strict liability or breach of warranty) must demonstrate at a minimum that: (1) there was a defect in the product at the time it left the manufacturer's control; and (2) the defect was the producing cause of the plaintiff's injuries or damages. *Hyundai Motor Co. v. Rodriguez*, 995 S.W.2d 661, 665 (Tex. 1999). Texas law recognizes three categories of defect—defect in manufacture, defect in design, and marketing defects (failure to warn). *Temple Eastex v. Old Orchard Creek Partners, Ltd.*, 848 S.W.2d 724, 732 (Tex. App.—Dallas 1992, writ denied). Here, Plaintiffs have attempted to allege design, manufacturing, and failure to warn defects. But Plaintiffs have failed to allege sufficient facts to state a claim under any of these theories. In response to the Court's list of deficiencies in Plaintiffs' Original Complaint, Plaintiffs responded by adding two sentences[1]:

> Graco manufactured the child safety seat, identified as the Graco Slim-Fit 3 in 1 Convertible car seat, that was used and allegedly protecting EP during the subject incident. Specifically, the seat is designed in such a way that it does not properly restrain a child when the car is struck in such a way that it results in the vehicle spinning numerous times, which results in forces being placed on a child's neck and spine such that injury to the child's neck and spine can occur.

Dkt. 28 at ¶ 17. These two additional sentences—that vaguely assume an unspecified defect—do not meet Plaintiffs' burden to allege *actual facts* that support Plaintiffs' claims as to Graco. The Pages have not, nor can they plead any facts as to a design defect, manufacturing defect, and warnings defect because they do not have the product at issue.

    A.  <u>Plaintiffs have failed to plead sufficient facts to allege a design defect claim.</u>

To state a cognizable design defect claim under Texas law, a plaintiff's complaint must do more than allege in conclusory fashion that the product was defectively designed or that a plaintiff was injured while using the product. It must allege *facts*, that if taken as true, demonstrate that the

---

[1] Despite this Court noting that the Pages mistakenly state that EP was in both the Chicco and Graco seats, the Pages did not cure this mistake in their Amended Complaint.

product was the producing cause of the plaintiff's injuries, and a safer alternative design would have prevented or significantly reduced the risk of injury without impairing the product's utility, and was economically and technologically feasible at the time the product left the manufacturer or seller. *See* Tex. Civ. Prac. & Rem Code § 82.005(b); *See Hernandez v. Tokai Corp.*, 2 S.W.3d 251, 256 (Tex. 1999).

Plaintiffs have pleaded no new *facts* to support that the car seat was defectively designed. The two conclusory sentences added by Plaintiff state that the seat is designed in such a way that it does not properly restrain a child and prevent injury to a child's head and neck when a vehicle spins multiple times. Plaintiffs still do not allege any *facts* about how the restraint system was allegedly defective, what about the restraint system caused or contributed to Plaintiffs' injuries, how the design was unreasonably dangerous, or whether there exists some safer alternative design that would have prevented or significantly reduced the injury. Like in Plaintiffs' original Complaint, Plaintiffs offer no facts about what specifically is defective about the child seat and do not even attempt to offer an alternative design.

  B. <u>Plaintiffs have failed to plead sufficient facts to allege a manufacturing defect claim.</u>

To properly plead a manufacturing defect claim in Texas, a plaintiff must allege that the product deviated from its intended design or specifications and this deviation rendered the product unreasonably dangerous for its intended use. *BIC Pen Corp. v. Carter*, 346 S.W.3d 533 (Tex. 2011). Here, Plaintiffs have not alleged a single fact—in either the initial or amended Complaint—that the child seat deviated in any way from its intended design.

C. <u>Plaintiffs have failed to plead sufficient facts to support warnings defect claim.</u>

To properly plead a warnings defect claim, a plaintiff must point to facts that support how a manufacturer failed to adequately warn of a product's dangers when warnings are required. *American Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 426 (Tex. 1997); *Caterpillar, Inc. v. Shears*, 911 S.W.2d 379, 382 (Tex.1995). To do this, a plaintiff must allege facts that show: (1) the product was defectively marketed because it lacked adequate warnings or instructions; (2) the defendant knew or should have known of the risk posed by the product; (3) the risk was not obvious to an ordinary user; (4) the product was used in a reasonably foreseeable manner; (5) the lack of adequate warning rendered the product unreasonably dangerous; and (6) the plaintiff was injured as a result of the inadequate warning. *DeGrate v. Executive Imprints, Inc.*, 261 S.W.3d 402, 411 (Tex. App. 2008); *Cofresi v. Medtronic, Inc.*, 450 F. Supp. 3d 759, 768 (W.D. Tex. 2020) (granting defendant's motion to dismiss under strict liability and negligence because plaintiff's complaint "fails to identify how the warning was inadequate or insufficient."). Here, again, Plaintiffs have not alleged a single fact—in either the initial or amended Complaint—that the child seat failed to warn of any inherent, foreseeable risks or how the presence of any such warning would have prevented the injury to the child, as required.

### III.   Conclusion

Defendant Graco Children's Products Inc. respectfully requests that the Court dismiss each of Plaintiffs' claims against Graco Children's Products Inc., because they fail to allege a claim upon which relief can be granted under Rule 12(b)(6) or order Plaintiffs to file a more definite statement under Rule 12(e). Graco further asks this Court to grant Graco Children's Products Inc., any additional relief this court determines appropriate.

Respectfully submitted,

**FEE, SMITH & SHARP LLP**

*/s/ Scott W. Self*
**SCOTT W. SELF**
State Bar No. 24033176
sself@feesmith.com
**HUNTER R. TORMEY**
State Bar No. 24131718
htorney@feesmith.com
Three Galleria tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
Telephone 972-934-9100
Facsimile 972-934-9200

**ATTORNEY FOR DEFENDANT**
**GRACO CHILDREN'S PRODUCTS INC.**

**CERTIFICATE OF SERVICE**

I hereby certify a true and correct copy of the foregoing document has been e-filed and e-served via the Court's ECF System on this the 27th day of August 2025, on each attorney of record.

*/s/ Scott W. Self*
**SCOTT W. SELF**