UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JACQUELYN PAGE and ROBERT MITCHELL PAGE, individually and as next friend of minors O.P and E.P., § § § § | |
| *Plaintiffs*, § § | |
| v. § | Civil Action No. 3:24-cv-3080-x |
| § | |
| NISSAN NORTH AMERICA, INC. et al., § § § § | |
| *Defendants*. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants Rene Bates Auctioneers' (the "Auctioneer", Officers Michael Denning and Timothy Hardman, Rowlett Police Department, Ford Motor Company, Nissan North America, Artsana USA Inc. (Chicco), and Graco Children's Products Inc. (collectively, "Movants") Motions to Dismiss. (Docs. 31, 33, 35, 37, 42, 48). The Court **GRANTS** each motion and **DISMISSES WITH PREJUDICE** the claims against the Nissan, Ford, and Chicco. The Court also **DISMISSES WITH PREJUDICE** the Constitutional and federal law claims against Denning, Hardman, and Rowlett Police Department. The Court **DISMISSES WITHOUT PREJUDICE** the remaining claims.

### I. Background

As outlined in prior phases of this litigation, Jacquelyn Page was driving a Ford Edge with her two young children, E.P. and O.P., in car seats produced by Chicco and Graco when a Nissan Rogue struck her car. Jacquelyn Page and her children

1

suffered terrible injuries.  After the crash, Big Bass Towing Company and Martin Services, Inc. (the "towing companies") towed the vehicles away and were instructed to preserve all evidence, specifically the vehicles and the child car seats.  Even so, the towing companies informed the Pages that they intended to auction the vehicles.

Despite the Pages' objections, the towing companies contracted Rene Bates Auctioneers, Inc. "to advertise and auction the vehicle" and the Auctioneer "took possession from [the towing companies]."  The Auctioneer then "sold and disposed of the motor vehicle and child safety systems," allegedly impairing and preventing the Pages' personal injury claims against the auto manufacturers.

The Pages also allegedly contacted Rowlett Police Department, to arrange an inspection of the vehicle, but were ignored.  According to the Pages, by permitting the vehicles and car seats to be released from evidence, Rowlett Police Department and two officers, Michael Denning and Timothy Hardman, knowingly and with "evil motive or intent" unreasonably seized and destroyed the Pages' evidence.

The Pages subsequently filed suit in Texas state court in September 2024, and the Defendants removed to federal court shortly thereafter.  The Pages' complaint asserts that Rowlett Police Department, Hardman, Denning, the towing companies, and the auction house all prevented them from acquiring the evidence they needed for their case.  Against Nissan North America, Nissan Motor Co. Limited, Ford, Graco, and Chicco, the Pages assert products liability claims.  The Pages also claim the police department violated their Fourth Amendment rights against unreasonable search and seizure by taking possession of the car after the crash.

Nissan, Ford, and Chicco moved to dismiss for failure to state a claim and the Court granted it and dismissed the complaint without prejudice. The Pages filed their amended complaint, reasserting the same claims against the Defendants that were raised in state court.

Defendants Nissan, Ford, Graco, Chicco, Hardman, Denning, Rowlett, and the Auctioneer each move to dismiss the Pages' complaint for failure to state a claim.

## II.  Analysis

Rule 12(b)(6) authorizes dismissal when a complaint fails to "state a claim upon which relief can be granted."[1] A pleading in federal court must state "a short and plain statement of the claim showing that the pleader is entitled to relief."[2] In stating their claim, the plaintiff does not have to plead detailed facts, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[3] For a complaint to survive a motion to dismiss under Rule 12(b)(6), it must allege sufficient facts "to state a claim to relief that is plausible on its face."[4] And a claim is plausible on its face when supported by enough facts that the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged."[5]

---

[1] Fed. R. Civ. P. 12(b)(6).

[2] Fed. R. Civ. P. 8(a)(2).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[5] *Iqbal*, 556 U.S. at 678.

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint liberally in favor of the plaintiff and accept all facts pleaded in the complaint as true.[6]  That said, courts do not "accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement."[7]

### A. Ford, Nissan, and Chicco

The Court begins with the Pages' claims against Ford Motor Company, Nissan North America, and Chicco.  This is not the first time the Court has considered the Pages' products liability, negligence, manufacturing defects, and failure to warn claims.  Yet again, they have failed to plead sufficient facts to support any theory of liability.

While the Pages do allege that designs made the products more dangerous when they are involved in an accident, they do not plead specific facts about reasonable alternative designs.  Likewise, the Pages provide no actual facts supporting the idea that the cars or car seat deviated from their designs in a dangerous way.  And their allegations of failure to warn are conclusory.  So each claim fails.  And because the Court warned Page of these defects in a prior ruling, this dismissal is with prejudice.

### B. Graco

The Pages' claims against Graco are identical to those of Ford, Nissan, and Chicco and share the same defects discussed above.  So the Court dismisses them.

---

[6] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[7] *Edmiston v. Borrego*, 75 F.4th 551, 557 (5th Cir. 2023) (citing *Benfield v. Magee*, 945 F.3d 333, 336–37 (5th Cir. 2019)).

4

But because this is Graco's first motion to dismiss, the Pages are entitled to an opportunity to replead its claims against Graco. Accordingly, the Pages' claims against Graco are dismissed without prejudice.

### C. The Auctioneer

The Court next considers the Pages' claims against the Auctioneer. The Pages bring thirteen claims against the Auctioneer: (1) violation of the Pages' civil rights, (2) obstruction of justice, (3) destruction of evidence, (4) evidence tampering, (5) intentional infliction of emotional distress, (6) breach of contract, (7) unfair and deceptive trade practices, (8) conversion, (9) fraud and misrepresentation, (10) fraudulent inducement, (11) unjust enrichment, (12) violations of the United States Constitution and the Pages' civil rights, and (13) violation of the Texas Tort Claims Act. **(Doc. 28 at 5-6).**

But the Pages' Amended Complaint only makes three factual statements as to the Auctioneer: (1) that the Auctioneer was contacted by the towing companies "to advertise and auction the vehicle"; (2) that the Auctioneer "took possession [f]rom [the towing companies];" and (3) that the Auctioneer "sold and disposed of the motor vehicle and child safety systems."[8]

That is it—at no point do the Pages allege facts related to any of the claims they bring. The complaint fails to allege that the Auctioneer—a private party—acted under color of law or provide facts that show that it did.[9] Nothing is alleged showing

---

[8] Doc. 28 at 4.

[9] *See Rosborough v. Management & Training Corp.*, 350 F.3d 459, 460 (5th Cir. 2003) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

a relationship or duty arising between the Auctioneer and the Pages that could support a destruction of evidence, breach of contract, or unfair and deceptive trade practice claim.[10] Nor does the complaint allege that the Pages demanded their property from the Auctioneer and the Auctioneer refused, that the Auctioneer made any misrepresentations to the Pages, or that the Auctioneer knew that the property sold was evidence.[11]

To be sure, the Court is to construe the complaint liberally.[12] But liberal construction cannot supply what the Pages' complaint lacks. So the Court dismisses without prejudice the Pages' claims against the Auctioneer.

### D. Denning, Hardman, and Rowlett Police

The Court now addresses the motion to dismiss by Officers Denning, Hardman, and Rowlett Police Department. (Doc. 31). The Pages bring § 1983 and *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 690 (1978) claims alleging violations of the Fourth Amendment by Denning, Hardman, and Rowlett Police Department as well as violations of the Texas Tort Claims Act. (**Doc. 28 at 4-5**)

---

[10] *See Andra Group, LP v. JDA Software Group, Inc.*, 2015 WL 12731762, at *15 (N.D. Tex. Dec. 9, 2015) (a special relationship is required for a third party spoliation claim); *Turner v. Ewing*, 625 S.W.3d 510, 518 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (outlining the need of a contractual relationship for a breach of contract claim); *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996) (outlining elements of a Texas Deceptive Trade Practices Act claim).

[11] *See Lawyers Title Co. v. J.G. Cooper Dev., Inc.*, 424 S.W.3d 713, 718 (Tex. App.—Dallas 2014, pet. denied) (elements of conversion include demand for return of property and a refusal); *Zaidi v. Shah*, 502 S.W.3d 434, 441 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (summarizing elements of fraud claims under Texas law); *Herrera v. Resignato*, 621 S.W.3d 835, 843 (Tex. App. —El Paso 2021, no pet.).

[12] *See Collins*, 224 F.3d at 498.

Denning and Hardman raise qualified immunity defenses to the Pages' constitutional and federal law claims. And Rowlett Police Department argues that it cannot be sued, or in the alternative, that there is no liability under *Monell*.

Qualified immunity shields government officials from civil liability, unless they violate "clearly established statutory or constitutional rights of which a reasonable person would have known."[13] "[G]overnment officials," thus have "breathing room to make reasonable but mistaken judgments" unless they are "plainly incompetent or . . . knowingly violate the law."[14]

So a plaintiff bears the burden of alleging (1) the violation of a constitutional right, and (2) that the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident.[15] "Therefore, unless existing precedent squarely governs the conduct at issue, an official will be entitled to qualified immunity."[16] The plaintiff must "identify a case in which an officer acting under similar circumstances was held to have violated the Constitution."[17]

Here, the Pages allege that the officers unreasonably seized and destroyed evidence by seizing and releasing the Pages' vehicle after the accident. But the Court finds no caselaw establishing that the alleged conduct violates the Constitution or federal law. So Denning and Hardman are entitled to qualified immunity.

---

[13] *City of Tahlequah, Okla. v. Bond*, 595 U.S. 9, 12 (2021) (cleaned up).

[14] *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) (quoting *Ashcroft*, 563 U.S. at 743) (cleaned up).

[15] *See Connelly v. Tex. Dep't of Crim. Just.*, 484 F.3d 343, 346 (5th Cir. 2007).

[16] *Cope v. Cogdill*, 3 F.4th 198, 205 (5th Cir. 2021) (citing *Brosseau v. Haugen*, 543 U.S. 194, 201 (2004) (per curiam)).

[17] *Id.* (quoting *Joseph ex rel. Estate of Joseph v. Bartlett*, 981 F.3d 319, 345 (5th Cir. 2020)).

The Pages' claims against Rowlett Police Department similarly fail. The Fifth Circuit has made clear that city subdivisions, such as Rowlett Police Department, cannot be sued unless the City of Rowlett has given it jural authority.[18] Plaintiffs bear the burden of showing that a subdivision has jural authority and courts routinely dismiss claims when that burden isn't met.[19] At no point do the Pages allege that the City of Rowlett has given its police department jural authority. That merits dismissal.

Even if the Court construes the Pages' complaint as being against the City of Rowlett itself, the Pages have not alleged "[s]ufficiently numerous prior incidents"[20] or a "policy statement formally announced by an official policymaker."[21] *Monell* thus forecloses the claims.

The Pages' Texas Tort Claims Act (Tort Claims Act) claims against Hardman, Denning, and Rowlett fare no better. Governmental immunity, like sovereign immunity, is a jurisdictional bar on suits brought against "subdivisions of the State, including counties, cities, and school districts."[22] And while Texas has waived immunity in some instances via the Tort Claims Act, that law does not waive immunity from intentional torts.[23] Because the Pages allege Hardman, Denning, and

---

[18] *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313–14 (5th Cir. 1991).

[19] *Hutchinson v. Box*, 2010 WL 5830499, at *1 (E.D. Tex. Aug. 20, 2010), adopted by 2011 WL 839864 (E.D. Tex. February 17, 2011).

[20] *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989).

[21] *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 168 (5th Cir. 2010).

[22] *Harris Cnty. v. Sykes*, 136 S.W. 3d 635, 638 (Tex. 2004).

[23] *City of Watauga v. Gordon*, 434 S.W. 3d 586, 589 (Tex. 2014) ("[T]he Tort Claims Act waives immunity for injuries caused by the negligent use of tangible property . . . [t]he limited waiver does not apply to intentional torts.").

Rowlett Police Department acted intentionally, governmental immunity bars the claims.

So the Court dismisses with prejudice the Pages' claims against Denning and Hardman, and Rowlett Police Department under the federal constitution and federal law and dismisses without prejudice the Tort Claims Act claims.[24]

### III. Conclusion

Accordingly, the Court **DISMISSES WITH PREJUDICE** the complaint as to Ford, Nissan, and Chicco.

The Court **DISMISSES WITHOUT PREJUDICE** the Pages' claims against Graco.

The Court **DISMISSES WITH PREJUDICE** the Pages' constitutional and federal law claims against Hardman, Denning, and Rowlett Police Department and **DISMISSES WITHOUT PREJUDICE** the Texas Tort Claims Act claims against Hardman, Denning, and Rowlett Police Department.

The Court **DISMISSES WITHOUT PREJUDICE** the Pages' claims against the Auctioneer.

The Court **ORDERS** the Pages to replead and cure the defects in their complaint as Graco and the Auctioneer within twenty-eight days of the date of this order. The changes the Pages may make in that pleading are limited to curing the

---

[24] Because this failure resolves any claims against the City, the Court declines to address Rowlett Police Department's other arguments. And the Court dismisses the Texas Tort Claims Act claims without prejudice because governmental immunity, unlike qualified immunity, is jurisdictional. This is not to say Page may replead the Tort Claims Act claims. It means the Court lacks power to reach the merits of them and dismissals without prejudice reach merits.

defects this Order identifies. The Pages may not add new claims or parties in the amended pleading.

      **IT IS SO ORDERED** this 10th day of September, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE