UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACQUELYN PAGE and ROBERT MITCHELL PAGE, individually and as next friend of minors O.P and E.P., | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. 3:24-CV-3080-X |
| NISSAN NORTH AMERICA, INC., et al., | § § § § | |
| *Defendants*. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Big Bass Towing Company (Big Bass) and Martin Services, Inc.'s (Martin Servies) motion to dismiss for failure to state a claim. (Doc. 55). The Court **GRANTS** the motion and **DISMISSES WITHOUT PREJUDICE** the claims against Big Bass and Martin Services.

### I. Background

As outlined in prior phases of this litigation, Jacquelyn Page was driving a Ford Edge with her two young children, E.P. and O.P., in car seats produced by Chicco and Graco. A Nissan Rogue struck her car. Jacquelyn Page and her children suffered severe injuries.

After the accident, the Pages' complaint alleges that the vehicles and car seats were "towed from the crash site by Wrecker." The complaint uses the term "Wrecker" to refer to both Big Bass and Martin Services. Wrecker then allegedly stored both the vehicles and the car seats and was notified by the Pages to preserve all evidence

from the accident. Moreover, Wrecker allegedly provided the Pages with a contract to preserve the vehicles, which the Pages signed.

But at some point afterward, Wrecker contacted the Pages several times, advising them that they intended to break the contract and auction the vehicles. Despite the Pages' objections, Wrecker sold the vehicles and the child safety seats to an auctioneer who sold and disposed of them.

The Pages subsequently brought this suit—as far as the Court can tell—against both Big Bass and Martin Services for (1) violations of their civil rights, (2) obstruction of justice, (3) destruction of evidence, (4) evidence tampering, (5) intentional infliction of emotional distress, (6) breach of contract, (7) unfair and deceptive trade practices, (8) conversion, (9) fraud and misrepresentation, (10) fraudulent inducement, (11) unjust enrichment, (12) violations of the United States Constitution and their civil rights, and (13) violations of the Texas Tort Claims Act.[1]

## II.   Legal Framework

Rule 12(b)(6) authorizes dismissal when a complaint fails to "state a claim upon which relief can be granted."[2] A pleading in federal court must state "a short and plain statement of the claim showing that the pleader is entitled to relief."[3] In stating their claim, the plaintiff does not have to plead detailed facts, but

---

[1] The Court cannot discern what distinguishes the civil rights that were violated in the first claim from those asserted in the twelfth claim.

[2] FED. R. CIV. P. 12(b)(6).

[3] FED. R. CIV. P. 8(a)(2).

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[4]  For a complaint to survive a motion to dismiss under Rule 12(b)(6), it must allege sufficient facts "to state a claim to relief that is plausible on its face."[5]  And a claim is plausible on its face when supported by enough facts that the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged."[6]  Additionally, "dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief."[7]

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint liberally in favor of the plaintiff and accept all facts pleaded in the complaint as true.[8]  That said, courts do not "accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement."[9]

### III.   Analysis

To begin with, the Pages' complaint employs impermissible group pleadings. Plaintiffs must "distinguish among those they sue and enlighten *each defendant* as to his or her particular part" of the claim.[10]  Throughout the complaint, the Pages refer to both Big Bass and Martin Services as "Wrecker."[11]  This does not give Big

---

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[6] *Iqbal*, 556 U.S. at 678.

[7] *Allen v. Walmart Stores, LLC*, 907 F.3d 170, 178 (5th Cir. 2018).

[8] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[9] *Edmiston v. Borrego*, 75 F.4th 551, 557 (5th Cir. 2023).

[10] *Southland Secs. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 365 (5th Cir. 2004) (cleaned up).

[11] The Pages attempt to allege new facts in their Response Brief to clarify which factual allegations about "Wrecker" relate to Big Bass and which relate to Martin Services. *See* Doc. 57 at 1–

Bass or Martin Services any information about the Pages' specific allegations against them.

As the Court has said elsewhere, "y'all is an amazing and powerful word.  The Court does not besmirch it.  But federal pleading standards entitle each defendant a plaintiff sues to know what unlawful actions that plaintiff claims it took."[12]  So the Pages' complaint must be dismissed on this ground.

Putting that aside, the complaint is also replete with conclusory, threadbare allegations as to nearly all claims asserted.  The Pages allege that Big Bass and Martin Services violated their civil rights and the United States Constitution.  But the complaint fails to allege that Big Bass and Martin Services—private parties—acted under color of law or allege facts that show that they did.  Even if this claim is premised on a conspiracy to deprive civil rights—a theory that the Pages' response brief seemingly suggests—the complaint does not allege facts supporting each element.  The same is true of their obstruction of justice, fraud and misrepresentation, fraudulent inducement, unjust enrichment, unfair and deceptive trade practices, intentional infliction of emotional distress, conversion, and Texas Tort Claims Act claims.  Each claim lacks factual allegations to support its elements and is conclusory at best.  Accordingly, these claims must be dismissed.[13]

---

3. But the Court does not consider factual allegations raised for the first time in a response to a motion to dismiss.  *See Leal v. McHugh*, 731 F.3d 405, 407 n.2 (5th Cir. 2013).

[12] *Childers v. Lifestyles Unlimited, Inc.*, 2023 WL 3961702, at *4 (N.D. Tex. Jun. 12, 2023) (Starr, J.).

[13] *See Higgenbotham v. Connatser*, 420 F. App'x 466, 468 (5th Cir. 2011).

That said, while scant on detail, the Pages do plausibly allege a breach of contract against one of the defendants. They state that Wrecker provided them with a contract to preserve the vehicle, which the Pages accepted and Wrecker breached when it sold the vehicle and car seats to the auctioneer. Once the improper group pleading is corrected, these allegations should suffice at this stage of litigation.

The same applies to the Pages' destruction of evidence and evidence tampering claims. There is no general duty in the common law for an independent party to preserve evidence.[14] Texas has refused to recognize spoliation as an independent tort.[15] But where courts have found such a duty, there has been "some special relationship or duty rising by reason of an agreement, contract statute, or other special circumstance."[16] The Pages allege that they contracted with Wrecker to preserve the vehicle and car seats and Wrecker sold them to a third party, which resulted in the destruction of the vehicle and car seats. These allegations are sufficient at this stage in the litigation to create a claim that is plausible on its face.

### III.  Conclusion

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the Pages' claims against Big Bass and Martin Services. The Court **ORDERS** the Pages to replead and cure the defects in their complaint within twenty-eight days of the date of this order. The changes the Pages may make in that pleading are limited to curing

---

[14] *See Holmes v. Amerex Rent-A-Car*, 710 A.2d 846, 849 (D.C. 1998).

[15] *See Trevino v. Ortega*, 969 S.W.2d 950, 952 (Tex. 1998).

[16] *Holmes*, 710 A.2d at 849.

the defects this Order identifies.  The Pages may not add new claims or parties to the amended pleading.

    **IT IS SO ORDERED** this 10th day of February, 2026.

                                        _____
                                        BRANTLEY STARR
                                        UNITED STATES DISTRICT JUDGE