UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACQUELYN PAGE and ROBERT MITCHELL PAGE, individually and as next friend of minors O.P and E.P., | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. 3:24-CV-3080-X |
| NISSAN NORTH AMERICA, INC. et al., | § § § | |
| *Defendants*. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Pages' Motion to Alter or Amend Judgment.  (Doc. 68). The Court **DENIES** the motion.

The Court issued Final Judgment in favor of Defendant Artsana USA, Inc. (Chicco) on March 3, 2026.  (Doc. 62).  The Pages argue that the Court should set aside that judgment because (1) the Court improperly applied a heightened pleading standard, and (2) it did not consider the merits of their claims against Chicco in its initial dismissal order.[1]  Both arguments fail.[2]

First, the Court consistently applied the proper *Iqbal/Twombly* framework in its analysis of the Pages' claims against Chicco.[3]  To be sure, plaintiffs need not

---

[1] Doc. 68-2 at 1–2, 6.

[2] The Pages also suggest that they have now demonstrated in their most recent complaint against Graco that they can provide sufficient detail to support their products liability claims against Chicco.  Doc. 68-2 at 4–5.  But poor lawyering at earlier stages of litigation is insufficient to justify setting aside the Court's judgment now.

[3] Doc. 25 at 5–8; Doc. 54 at 4.

provide proof or detailed facts at this stage of litigation.[4]  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[5]  As previously explained, the Pages' claims against Chicco were conclusory.[6]  The Court did not apply an improper pleading standard.

Second, the Court's initial dismissal of the Pages' claims against Chicco was not procedural.  In its May 5, 2025, Order Dismissing those claims, the Court analyzed the merits of the Pages' theories of negligence and strict liability for design defects, manufacturing defects, and failure to warn.[7]  The Court concluded that the Pages failed to sufficiently plead facts to support those claims.[8]  This was not a procedural dismissal for failure to respond.  So when the Pages failed to cure the defects in their complaint, dismissal with prejudice was proper.[9]

The Court understands the Pages' frustrations and sympathizes with the pain they've experienced.  That said, their ire is best placed with their representation.

The Court **DENIES** the motion.

**IT IS SO ORDERED** this 7th day of April, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[4] *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] Doc. 25 at 5–8; Doc. 54 at 4.

[7] Doc. 25 at 5–8.

[8] *Id.*

[9] Doc. 54 at 4, 10.

2