UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACQUELYN PAGE and ROBERT MITCHELL PAGE, individually and as next friend of minors O.P and E.P., *Plaintiffs*, | § | |
| v. | § | Civil Action No. 3:24-CV-3080-X |
| GRACO CHILDREN'S PRODUCTS, INC., et al., *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendants Graco Children's Products Inc.'s (Graco), Big Bass Towing Company and Martin Services, Inc. (collectively the "towing companies"), and Rene Bates Auctioneers' (the "Auctioneer") Motions to Dismiss. (Docs. 64, 65, 66). Having considered the motions and applicable law, the Court **GRANTS** the Motion as to Graco (Doc. 64), **GRANTS IN PART** the Motion as to the Auctioneer (Doc. 66) and **DENIES** the Motion as to the towing companies. (Doc. 65).

## I. Background

The facts of this case are well known and explained in the Court's previous orders. To provide a brief recap, Jacquelyn Page was driving a Ford Edge with her two young children, E.P. and O.P., in car seats produced by Chicco and Graco when a Nissan Rogue struck her car. Jacquelyn Page and her children suffered terrible injuries. After the crash, the towing companies towed the vehicles away and were

instructed to preserve all evidence, specifically the vehicles and the child car seats. Despite that instruction, the towing companies informed the Pages that they intended to auction the vehicles.

Over the Pages' objections, Martin Services transferred the Ford Edge and Graco car seat to the Auctioneer to facilitate the sale of the property. The Auctioneer then sold the property, which he knew was disputed, allegedly impairing and preventing the Pages' personal injury claims against the auto manufacturers and child safety equipment manufacturers.

## II. Legal Standard

Rule 12(b)(6) authorizes dismissal when a complaint fails to "state a claim upon which relief can be granted."[1] A pleading in federal court must state "a short and plain statement of the claim showing that the pleader is entitled to relief."[2] In stating their claim, the plaintiff does not have to plead detailed facts, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[3] For a complaint to survive a motion to dismiss under Rule 12(b)(6), it must allege sufficient facts "to state a claim to relief that is plausible on its face."[4] And a claim is plausible on its face when supported by

[1] FED. R. CIV. P. 12(b)(6).

[2] FED. R. CIV. P. 8(a)(2).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

enough facts that the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged."[5]

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint liberally in favor of the plaintiff and accept all facts pleaded in the complaint as true.[6] That said, courts do not "accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement."[7]

## III. Analysis

Having previously dismissed the claims against Graco, the Auctioneer, and the towing companies, the Pages filed an amended complaint. All three groups of Defendants again moved to dismiss. The Court addresses each motion in turn.

### A. Graco

The Court begins with the Pages' claims against Graco. The Pages bring claims for: Design Defect, Manufacturers Defect, Failure to Warn, and Negligence. The Court previously dismissed the claims against Graco because—like the claims against Ford, Nissan, and Chicco—the Pages did "not plead specific facts about reasonable alternative designs," "provide[d] no actual facts supporting the idea that the . . . car seat deviated from their designs in a dangerous way," and the failure to warn allegations were purely conclusory.[8]

---

[5] *Iqbal*, 556 U.S. at 678.

[6] *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[7] *Edmiston v. Borrego*, 75 F.4th 551, 557 (5th Cir. 2023) (citing *Benfield v. Magee*, 945 F.3d 333, 336–37 (5th Cir. 2019)).

[8] Doc. 54 at 4.

Like before, the Pages have failed to plead sufficient facts to support any theory of liability. Instead, the Second Amended Complaint contains mere "naked assertions" that could not be proven as true because the relevant evidence in this case has been destroyed.[9] So the Court must dismiss Pages' claims against Graco.

**B. The Auctioneer**

The Court next considers the Pages' claims against the Auctioneer. The Pages bring four claims against the Auctioneer: (1) Conversion, (2) Spoliation/Destruction of Evidence, (3) Fraud and Misrepresentation, and (4) Unjust Enrichment. The Court addresses each in turn.

*Conversion*

The Pages successfully plead a conversion claim because the facts, as pled, assert a plausible claim for relief. To plead a claim for conversion, a plaintiff must plead (1) the plaintiff owned, possessed, or had the right to immediate possession of personal property; (2) the defendant unlawfully and without authorization exercised dominion or control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property.[10] This case turns on the second element, whether the Auctioneer's control over the Pages' property was unlawful. As pled, the case survives dismissal because the assertion of the lawfulness of the Auctioneers' conduct is outside of the facts pled. The Auctioneer's theory of defense—

[9] *Iqbal*, 556 U.S. at 678.

[10] *See Lawyers Title Co. v. J. G. Cooper Dev., Inc.*, 424 S.W.3d 713, 718 (Tex. App. – Dallas 2014, pet. denied).

that he was permitted by law to possess the property—may be fatal at the summary judgment stage. But the Court cannot go beyond the pleadings now.

*Spoliation / Destruction of Evidence*

Next, the Pages' spoliation or destruction of evidence claim fails because they do not have a statutory or common law cause of action. As the Court has previously explained, "[t]here is no general duty in the common law for an independent party to preserve evidence."[11] While the Pages attempt to assert a special relationship in the live pleading, they do not assert the type of relationship that gives rise to the duty to preserve the evidence. The Pages cannot assert a special relationship that is merely duplicative of the contract with the towing companies. And without that relationship, the claim fails. So the Court dismisses this claim against the Auctioneer.

*Fraud and Misrepresentation*

The Pages' fraud and misrepresentation claim fails because the Second Amended complaint does not allege a misrepresentation *to the Pages*. To plead a fraud or misrepresentation claim, the false statement must be asserted to the defrauded party.[12] Here, the complaint does not even attempt to assert that misrepresentations were made to the Pages. So the Court must dismiss this claim.

[11] Doc. 60 at 5.

[12] *See Nat'l Rifle Assoc. of Am. v. Ackerman Mcqueen, Inc.*, No. 3:19-CV-2074-G, 2021 WL 3618113, at *16 (N.D. Tex. Aug. 16, 2021) (Fish, S.J.) ("That the fraudulent statement must be made to the plaintiff is baked into the elements of fraud.").

*Unjust Enrichment*

Finally, the Pages assert a claim for unjust enrichment. This is not an independent cause of action, but a theory for recovery for damages. Because the conversion claim survives, so too does the theory of unjust enrichment.

### C. The Towing Companies

The Court previously dismissed the claims against the Towing Companies because the Pages "employ[ed] impermissible group pleadings."[13] The Towing Companies assert the same basis for dismissal, but the Pages have adequately remedied that issue and assert a sufficient factual basis for each claim against each defendant. Against Martin Services, the Pages bring the following claims: (1) Breach of Contract, (2) Spoliation/Destruction of Evidence, (3) Conversion, (4) Fraud and Misrepresentation, (5) Fraudulent Inducement, and (6) Unjust Enrichment. And against Big Bass Towing Company, the Pages bring the following claims: (1) Breach of Contract, (2) Spoliation/Destruction of Evidence, and (3) Conversion.

The Amended Complaint adequately pleads plausible factual allegations on all of the counts, and the remaining arguments for dismissal are better suited for the summary judgment stage of litigation. The Court notes that, as it pertains to the Spoliation/Destruction of Evidence claim, the Pages assert a recognized basis for a special relationship—a contract.[14] So the Court cannot dismiss even this claim at this stage. Accordingly, the Court **DENIES** Motion to Dismiss.

---

[13] Doc. 60 at 2.

[14] *See Holmes v. Amerex Rent-A-Car*, 710 A.2d 846, 849 (D.C. 1998).

## IV. Conclusion

Accordingly, the Court **DISMISSES WITH PREJDUICE** the claims asserted against Graco (Doc. 64) and **DISMISSES WITH PREJDUICE** the spoliation / destruction of property and fraud claims against the Auctioneer (Doc. 66). All other remaining claims remain live.

**IT IS SO ORDERED** this 26th day of August, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE